NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 31 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARET WARD, | No.   22-70141 |
| Petitioner, | EEOC No.   1120130001 |
| v. | |
| STATE OF ALASKA; U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | MEMORANDUM[*] |
| Respondents. | |

| | |
|---|---|
| STATE OF ALASKA, | No.   22-70142 |
| Petitioner, | EEOC No.   1120130001 |
| v. | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; MARGARET WARD, | |
| Respondents. | |

On Petition for Review of an Order of the
Equal Employment Opportunity Commission

Argued and Submitted May 21, 2024
Anchorage, Alaska

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: BYBEE, FRIEDLAND, and MILLER, Circuit Judges.

Margaret Ward ("Ward") petitions for review of an Equal Employment Opportunity Commission ("EEOC") decision rejecting her claim under the Government Employee Rights Act ("GERA"), 42 U.S.C. §§ 2000e-16a to -16c. The State of Alaska ("the State") cross-petitions for review, challenging monetary discovery sanctions imposed on it. We have jurisdiction under 28 U.S.C. § 2349(a) and 42 U.S.C. § 2000e-16c(c). We review the EEOC's decision to determine whether it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law; (2) not made consistent with required procedures; or (3) unsupported by substantial evidence." 42 U.S.C. § 2000e-16c(d).

Because the parties are familiar with the facts and history of this case, we do not recount them here.

1. The Administrative Law Judge ("ALJ") did not abuse her discretion in selecting the non-monetary discovery sanction imposed against the State. The ALJ was not required to impose a harsher sanction. By regulation, discovery in GERA proceedings generally is governed by the Federal Rules of Civil Procedure. 29 C.F.R. § 1603.210(c). Under those rules, even when a party has engaged in conduct that would support imposing a default judgment or adverse inference, judges have discretion to choose not to impose those sanctions. Fed. R. Civ.

2

P. 37(b)(2)(A) (providing that a tribunal "*may* issue further just orders" (emphasis added)).  And we have never required that a judge apply the standards for justifying such harsh sanctions before declining to impose them.

The ALJ enforced her ruling excluding the Zaruba and Birch Horton reports and prohibiting testimony related to those reports.  The ALJ's ruling did not exclude all evidence of the State's internal investigation of Ward's activities, so the ALJ properly admitted the declaration of Pat Ryan and other evidence concerning Ward's firing.

2.  Based on the agreement of the parties and the EEOC, we vacate the monetary discovery sanctions levied against the State (including both the fees and costs awarded by the ALJ and the fees and costs awarded on appeal by the EEOC).

3.  Substantial evidence supports the EEOC's conclusion that the State fired Ward because of its honest belief that she was misusing government resources to support Lieutenant Governor Coghill's campaign, not as retaliation related to Lydia Jones's sexual harassment complaint.  Suspicions about Ward's loyalty and use of government resources predated Jones's sexual harassment complaint.  Ward's statements at the press conference made plain that she was no longer loyal to Governor Hickel, making it more likely that the suspicions were true.  And a technician concluded that Ward's computer files had been deleted, which suggested that Ward might have been covering up misconduct.  After the State

3

informed Ward that it believed she had misused government resources and that it intended to terminate her, Ward largely declined an opportunity to provide more information. The State's termination letter reiterated that she had improperly used government resources.

The State's belief may have been based on thin evidence. But whether Ward misused government resources is not at issue in this case. What matters is whether the State "honestly believed" that it was firing Ward for a permissible reason, "even if its reason was foolish or trivial or even baseless." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1063 (9th Cir. 2002) (cleaned up). The EEOC concluded that the State held an honest belief that it was firing Ward for misuse of government resources, and substantial evidence supports that conclusion.

For the foregoing reasons, Ward's petition is **DENIED** and the State's petition is **GRANTED**.